# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| MARK A. STOLZENBURG, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 4:14-CV-1533 RLW |
| BIEWER LUMBER, LLC, et al., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Production of Documents from Defendant Biewer Lumber, LLC, and Suggestions in Support Thereof (ECF No. 43), Plaintiff's Motion to Compel Production of Documents from Defendant Green Tree Composites, L.L.C. and Suggestions in Support Thereof (ECF No. 44), and Biewer Lumber LLC and Green Tree Composites, LLC's Unopposed Motion for Clarification (ECF No. 49). Plaintiff has not filed a reply in support of his Motions to Compel but the time for filing a reply has expired. *See* E.D.Mo. L.R. 4.01(C).

## LEGAL STANDARD FOR MOTION TO COMPEL

Generally, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Fed.R.Civ.P. 26(b)(1). The Federal rules further provide for limits on discovery requests. Specifically,

the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C)(i)-(iii); *Halbach v. Great-W. Life & Annuity Ins. Co.*, No. 4:05CV02399 ERW, 2007 WL 2702651, at *1 (E.D. Mo. Sept. 12, 2007). Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery.

## DISCUSSION

### A. Motions to Compel

In his putative Class Action Complaint, Plaintiff alleges that he purchased Monarch Composite Decking, which required replacement after less than 20 years and that Defendants failed to honor their warranties regarding the decking. In May 2015, this Court entered an order allowing limited jurisdictional discovery. (ECF No. 36). In his Motion to Compel, Plaintiff asks Defendants to supplement their responses to several requests for production of documents ("RFPs"). As of July 25, 2015, counsel for Green Tree had already identified over 15,000 documents, but only three emails have been produced. (ECF No. 44 at 6).

As to all of the requests, Plaintiff contends that these documents are "integral to Plaintiff's contention that the defendants are acting as alter egos of each other." (ECF No. 44 at 5). Plaintiff argues that the emails may demonstrate that employees of Biewer also held themselves out as employees of Green Tree. Defendants' arguments are listed as follows.

### 1. Requests Numbers 8-9

Request No. 8 seeks "All documents prepared by or on behalf of Green Tree from 2004 to present, showing year-end balances, interim balances, profit and loss, income, evidence of cash flow, and/or statements of shareholders' equity.

Request No. 9 seeks "Every balance statement of Green Tree from 2004 to present.

Defendants contend that they have produced over 700 pages in response to RFPs 8 and 9 and objected to further production on the basis that the RFPs sought information that was duplicative, cumulative, and irrelevant to determining whether jurisdiction exists. (ECF No. 47 at 4). Defendants notes that they cannot be alter egos of each other because they were not in existence at the same time that Plaintiff purchased his decking, *i.e.*, Biewer Lumber LLC had not incorporated when Plaintiff purchased his decking in 2005. (ECF No. 47 at 4). Further, Defendants contend that Plaintiff's Motion to Compel is overbroad in that it seeks information in order to identify other potential defendants. Finally, Defendants maintain that Plaintiff's alter ego theory fails because, under Michigan law, evidence of an alter ego can only be used to support a finding that a parent company is liable for the acts of a subsidiary company. (ECF No. 47 at 6 (citing *Dutton Partners, LLC v. CMS Energy Corp.*, 290 Mich. App. 635, 645, 802 N.W.2d 717, 723 (2010)). Because Defendants have stated that Biewer Lumber L.L.C. is not the parent company of Green Tree Composites L.L.C., Defendants contend that RFPs 8 and 9 cannot lead to the discovery of admissible evidence.

Plaintiff has failed to rebut Defendants' arguments, particularly that Plaintiff seeks this information only to identify additional defendants. Plaintiff has not provided any support for the proposition that he needs this financial information to demonstrate that Defendants are alter egos. Further, Defendants have already provided 700 pages and Plaintiff has not demonstrated that

additional documents will assist him with the jurisdictional analysis. Therefore, the Court denies Plaintiff's Motion to Compel as to requests numbers 8 and 9.

### 2. Request Numbers 16-17

Request Number 16 seeks "Every email sent to any recipient, after May 26, 2005, from anyone with an email address ending in '@biewerlumber.com' containing in the subject line or body of the email the following words or phrases: 'Monarch', 'monarch', 'Green Tree', and/or 'green tree.'"

Request number 17 seeks "Every email sent to any recipient, after May 26, 2005, from anyone with an email address ending in '@greentreecomposites.com' containing in the subject line or body of the email the following words or phrases: 'Monarch', 'monarch', 'Green Tree', and/or 'green tree.'"

Defendants claim that they have been complying with discovery requests as to RFPs 16 and 17 relating to emails and asks that this Court overrule Plaintiff's Motion to Compel as moot. (ECF No. 47 at 3). However, the parties have not provided any information to the Court that a supplemental document production has occurred or that the Motion to Compel is moot as to RFPs 16 and 17. Therefore, the Court grants Plaintiff's Motion to Compel as to RFPs 16-17.

### B. Motion for Clarification

In Defendants' Motion for Clarification (ECF No. 49), Defendants request a deadline for them to refile their responsive pleadings. Defendants request their responsive pleadings be due either 30 days after the Court rules on the pending Motion to Compel or, if Plaintiff is granted leave to file an amended complaint, then Defendants request that their responsive pleadings should be due 14 days from the date an amended complaint is filed. Because a Motion for Leave

to File an Amended Complaint has not been filed as of the date of this Order, the Court orders Defendants to file any responsive pleadings within thirty (30) days of the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Production of Documents from Defendant Biewer Lumber, LLC, and Suggestions in Support Thereof (ECF No. 43) and Plaintiff's Motion to Compel Production of Documents from Defendant Green Tree Composites, L.L.C. and Suggestions in Support Thereof (ECF No. 44) are **GRANTED**, in part. Defendants shall supplement their document production in response to requests for production numbers 16-17 within ten (10) days of the date of this Order.

**IT IS FURTHER ORDERED** that Biewer Lumber LLC and Green Tree Composites, LLC's Unopposed Motion for Clarification (ECF No. 49) is **GRANTED**, in part. Defendants shall file any responsive pleadings within thirty (30) days of the date of this Order.

Dated this 14th day of January, 2016.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE