UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARK A. STOLZENBURG, individually )
and on behalf of a class of similarly )
situated individuals, )
)
      Plaintiff, )
)
v. ) No. 4:14-CV-1533 RLW
)
BIEWER LUMBER, LLC, et al., )
)
      Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Pleading and Join Additional Parties, or, in the Alternative, for an Extension of Time to Respond to Motions to Dismiss Filed February 9, 2016 (ECF No. 57). This matter is fully briefed and ready for disposition.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Though the district court should freely give leave [to amend] when justice so requires, Fed.R.Civ.P. 15(a)(2), plaintiffs do not enjoy 'an absolute or automatic right to amend' a deficient ... Complaint." *U.S. ex rel. Roop v. Hypoguard USA, Inc.*, 559 F.3d 818, 822 (8th Cir. 2009) (quoting *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005)). "A district court may appropriately deny leave to amend 'where there are compelling reasons "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or

futility of the amendment.'"'" *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.,* 406 F.3d 1052, 1065 (8th Cir. 2005) (quoting *Hammer v. City of Osage Beach,* 318 F.3d 832, 844 (8th Cir.2003)).

## DISCUSSION

Plaintiff Mark A. Stolzenburg seeks to join five other individuals or entities as defendants in this action. Plaintiff claims that (1) Timothy J. Biewer, (2) Brian R. Biewer, (3) John A. Biewer, Inc., (4) John A. Biewer Lumber Co., and (5) BT Holdings, L.L.C. have used defendant Green Tree Composites, L.L.C. as their alter ego or are liable under a corporate successor theory of liability. (ECF No. 58, ¶6). Plaintiff claims that sufficient information to determine the identity and extent of co-defendant liability became apparent during the course of discovery and was not "entirely apparent" prior to filing suit. (ECF No. 58, ¶7). Plaintiff claims that "good cause exists to permit Plaintiff to amend his pleading" because he was unable to determine whether to seek leave to amend his complaint or to file a response to Defendants' Motion to Dismiss until he reviewed all 13,362 documents produced by Defendants. (ECF No. 58, ¶¶9-10).

In response, Defendants contend that amendment of the complaint will result in delay and ultimately will be futile. Defendants assert that Plaintiff was allowed to conduct jurisdictional discovery, not conduct a fishing expedition to add five additional defendants. (ECF No. 66 at 1-5). Instead of responding to Defendants' motions to dismiss (ECF Nos. 52, 54), Plaintiff filed this Motion for Leave to Amend Complaint. Defendants assert that Plaintiff's proposed amended complaint contains a new section entitled "Corporate Piercing and Successor Liability" that is "replete with unsupported allegations and conclusions." (ECF No. 66 at 4). Defendants state that this Court should not allow Plaintiff to amend their complaint to avoid addressing the various issues raised in their Motions to Dismiss because these issues will only have to be raised

again later, but with respect to seven defendants. In addition, Defendants assert that any liability for a defendant other than Green Tree Composites LLC would be derivative liability, which mandates that the gateway issues as to liability should be addressed before this Court would allow any amendment of the Complaint. (ECF No. 66 at 5). Finally, Defendants state that judicial economy requires that this Court hear the pending motions to dismiss prior to considering any amended complaint. (ECF No. 66 at 5-7). Defendants state that the proposed additional defendants--who do not reside in Missouri and do not have any facilities in Missouri-- have personal jurisdiction issues that are similar to those of Biewer Lumber LLC. Defendants caution that allowing the amended complaint could lead to even more (unproductive) personal jurisdiction discovery. (ECF No. 66 at 6). Defendants note that "[n]ot only did the jurisdictional discovery as conducted not lead to a substantive brief being filed, the information provided was ignored in relevant part." (ECF No. 66 at 6). In sum, Defendants assert that "[i]t would be much more efficient to deal with the motions to dismiss at this point." (ECF No. 66 at 7).

The Court holds that amendment of the complaint is not appropriate. This case was filed on September 8, 2014 and has been pending for nearly two years. The Court allowed Plaintiff to conduct jurisdictional discovery in response to Defendants' first motions to dismiss. The Court also granted Plaintiff extensions of time to complete jurisdictional discovery. Instead of finally responding to Defendants' motions to dismiss, Plaintiff again attempts to postpone a ruling on the motions to dismiss and asks this Court to allow an amended complaint that adds five (5) new defendants. Plaintiff has not indicated how adding these new defendants will cure any of the purported deficiencies identified by Defendants in the motions to dismiss. Rather, the Court finds that allowing an amended complaint would be futile and would only further delay this already protracted litigation. The Court denies the motion for leave to file an amended pleading

because justice does not require such an amendment and Plaintiff has not been able to demonstrate how amendment would further this litigation.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File an Amended Pleading and Join Additional Parties, or, in the Alternative, for an Extension of Time to Respond to Motions to Dismiss Filed February 9, 2016 (ECF No. 57) is **GRANTED**, in part, and **DENIED**, in part. Plaintiff shall file his responses to Defendants' Motions to Dismiss no later than **May 31, 2016**.

Dated this 23rd day of May, 2016.

                                             /s/ Ronnie L. White
                                             RONNIE L. WHITE
                                             UNITED STATES DISTRICT JUDGE